# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BUTLER MANUFACTURING COMPANY, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 05-0437-CV-W-FJG<br>) |
| BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendant's' Motion for Attorney Fees (Doc. # 99).

## I. BACKGROUND

On November 27, 2006, the Court granted Blue Cross & Blue Shield of Texas (BCBSTX's) Motion for Summary Judgment. The Court also denied Gerber Life Insurance Company's Motion for Summary Judgment and denied Butler and Connecticut General's Motion for Summary Judgment. BCBSTX now seeks the recovery of its fees for prevailing in this matter.

## II. STANDARD

In Starr v. Metro Systems, Inc., 461 F.3d 1036 (8th Cir. 2006), the Court stated:

this court has previously emphasized the role of ERISA's remedial nature in determining whether to award fees, stating:
> ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans. A district court considering a motion for attorney's fees under ERISA

> should therefore apply its discretion consistent with the
> purposes of ERISA, those purposes being to protect employee
> rights and to secure effective access to federal courts.
>
> Welsh v. Burlington Northern, Inc., Employee Benefits Plan, 54 F.3d 1331, 1342 (8th Cir.1995) (citations, internal quotations, ellipsis, and brackets omitted). Therefore, although there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees. See Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). In exercising its discretion, we have set forth the following list of five non-exclusive of factors for consideration:
> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.
> Id. at 969 & n. 4 (citing Lawrence [v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir. 1984)].

Id. at 1040-41.

### III. DISCUSSION

In the instant case, BCBSTX argues that the two factors which are the most applicable and justify an award of fees in this case are: 1) the lack of the relative merits of the opposing parties' positions and 2) the ability of the opposing parties to pay or to split amongst themselves the cost of BCBSTX's attorney fees.

Butler and Connecticut General Life Insurance Company argue that the Motion for Attorney Fees should be denied because ERISA provides that attorney fee awards may be made only to participants, beneficiaries of the plan or plan fiduciaries. Butler and Connecticut General argue that BCBSTX is a sophisticated insurance company that insured the R&R Marine Fabrication and Drydock health benefit plan. Butler and Connecticut General argue further that the remedial purpose of the statute, which is to protect employee participants and insuring their access to the courts would not be

2

furthered by an award of fees to BCBSTX. In analyzing the Westerhaus factors, Butler and Connecticut General argue first that they did not act in bad faith. They also argue that their ability to pay is outweighed by consideration of the purpose of the statute. They state that ordering large fees from an employee funded plan might actually hurt the plan participants by increasing costs, contrary to the purpose of the statute. In this case, Butler employees fund a portion of the plan through payment of premiums. They also argue that an award of fees could deter other plans from seeking clarification of primary coverage and BCBSTX has not shown a need for deterring conduct on the part of Butler. They state that they had a reasonable basis on which to seek clarification as to which plan was primarily responsible for paying the medical expenses of Kyle Richardson. Butler and Connecticut General argue that if fees are awarded, other plans could be wary of going to the courts for clarification of plan provisions, because it might mean an increase in costs for participants if the plan is forced to pay the attorney fees for the other side. With regard to the fourth factor, Butler and Connecticut General state that BCBSTX did not seek to benefit any plan participants or beneficiaries in defending the suit. Rather, they argue that they were the ones who sought to resolve a novel issue regarding the interpretation of a coordination of benefits provision in two health plans. They state that there were no controlling or analogous cases and that they presented legitimate and persuasive arguments as well as expert testimony in support of their position. Finally, Butler and Connecticut General argue that they raised a colorable claim. They state that they relied on a logical and reasonable interpretation of the term "parent with custody" to mean the parent with whom the child resided. Finally, they argue that if the Court decides to award fees, the amount should be reduced.

Defendant Gerber states that it was also a defendant in this case and that it did not assert a cross-claim or a third-party claim against BCBSTX. Gerber states that neither it nor BCBSTX are ERISA participants, fiduciaries or beneficiaries. Thus, it states that the Court does not have discretion to award fees under 29 U.S.C. § 1132(g)(1).

In reply, BCBSTX argues that it is a fiduciary under ERISA and thus is entitled to receive attorney fees. BCBSTX states that under ERISA, a "fiduciary" is a person who "exercises any discretionary authority or discretionary control respecting management of such plan, or exercises any authority or control respecting management or disposition of its assets, . . . or he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). BCBSTX states that an insurance company is a fiduciary under § 1002(21)(A) when it processes or administers claims under an ERISA health plan and is authorized to determine claims. BCBSTX states that it qualifies as a fiduciary because it exercises discretionary authority over the administration of claims under the Plan.

The Court finds that although BCBSTX is a fiduciary eligible to receive an award of attorney fees, such an award is not authorized in this case. Weighing the Westerhaus factors, the Court does not find that the opposing parties acted in bad faith. Although the opposing parties certainly have the ability to pay a fee in this instance, the Court does not believe that this alone justifies an award. The third factor is whether an award would have a deterrent effect. BCBSTX admits that this factor has little or no relevance here. The Court agrees and finds that this factor also does not justify an award. BCBSTX also argues that the fourth factor - whether the party requesting fees

4

sought to benefit participants or beneficiaries of a Plan or to resolve a significant legal question - is not relevant because BCBSTX did not initiate the action. The final factor is the relative merit of the parties' positions. The Court finds that the question presented in this case was novel and debatable. It was a question on which reasonable minds could disagree. After weighing the factors, the Court does not find that an award of attorney fees is warranted in this instance and the parties should bear their own attorney fees and costs.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** BCBSTX's Motion for Attorney Fees (Doc. # 99).


Date:  2/26/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

5